**HASBRO, INC., Plaintiff,**

v.

**George SERAFINO, et al., Defendants.**

**Civil Action No. 95–30062–MAP.**

United States District Court,
D. Massachusetts.

April 25, 1997.

Anthony Mirenda, Arthur G. Telegen, Nicholas C. Theodorou, Amy B.G. Katz, Foley, Hoag & Eliot, Boston, MA, for Plaintiff.

Morris M. Goldings, Ellen S. Shapiro, Mahoney, Hawkes & Goldings, Boston, MA, for George Serafino, ABC Janitorial Service, Inc., Hampden Battery Service, Inc.

Bradford R. Martin, Jr., Timothy J. Ryan, Charles V. Ryan, Ryan, Martin, Costello, Allison & Leiter, Springfield, MA, for Joseph Gulluni.

Steven W. Leary, Springfield, MA, for Arthur Peckham.

**MEMORANDUM AND ORDER WITH REGARD TO MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL (Docket No. 150)**

NEIMAN, United States Magistrate Judge.

## I. INTRODUCTION

Morris M. Goldings, for himself, Ellen S. Shapiro and the law firm of Mahoney, Hawkes & Goldings (hereinafter "Goldings"), has requested leave of court to withdraw as counsel for Defendants George Serafino ("Serafino"), ABC Janitorial Services, Inc. and Hampden Battery Services, Inc., the two corporate defendants historically controlled by Serafino. (Docket No. 1 50.) Serafino opposes Goldings' motion, as does Plaintiff Hasbro, Inc. ("Hasbro"). (See Docket No. 156.)

## II. BACKGROUND

A hearing on Goldings' motion was held on February 19, 1997. Over the objections of Plaintiff and Defendant Arthur Peckham's counsel, a portion of that hearing was held *in camera* so that Goldings and Serafino could speak freely without revealing attorney-client confidences to other parties. A transcript of that part of the hearing has been sealed. (Docket No. 160).[1]

---

1. After completion of the entire hearing, the Court requested Goldings to file, under seal, a supporting affidavit by March 19, 1997. The Court further directed that the motion would be denied if Goldings, after making efforts to resolve the matter directly with Serafino, did not timely file the affidavit. Serafino was permitted to file a counter affidavit, if necessary, by April 2, 1997. After Goldings moved to extend the time in which to file his affidavit, which was allowed over Serafino's objection, (*see* Docket Nos. 158 and 159), Goldings filed the requested affidavit.

As originally cast, Goldings' motion to withdraw was based on an "irretrievable breakdown in communications ... as to how to fund further legal services." Goldings explained in his motion, which was served on the other parties, that Serafino had not paid for any legal services since approximately December of 1995, with the exception of one additional payment in August of 1996. Goldings further asserted in his memorandum of law that he was owed an outstanding balance of approximately $97,000. These facts, further details of which were provided during the *in camera* hearing, are essentially uncontested.

At the *in camera* hearing, Serafino, who acknowledged that a significant outstanding balance existed, explained to the Court how much he had, in fact, paid Goldings, which amount had not been revealed previously to the Court by Goldings, and the circumstances of those payments. Serafino also indicated that he had no available funds with which to pay Goldings, but that he was committed to paying Goldings and desired his continued representation. For his part, Goldings acknowledged that the only issue then existing was the payment of fees; that there had been no dispute with respect to litigation strategy; and that Serafino had dutifully followed Goldings' advice. In his follow-up affidavit, however, Goldings indicates that other difficulties have since arisen in connection with his continued representation. (*See, e.g.*, Hasbro's Motion for Sanctions (Docket No. 161) and Defendant Serafino's Opposition (Docket No. 162).)

In opposition to Goldings' motion, Hasbro, citing *In re Meyers*, 120 B.R. 751, 753 (Bkrtcy.S.D.N.Y.1990), claims that a failure to pay has been held repeatedly to be an insufficient basis for withdrawal. Hasbro also asserts that it would be prejudiced by Goldings' withdrawal given that the parties are in the midst of discovery. Moreover, Hasbro argues, the proposed withdrawal would inevitably cause delays in the litigation and would disadvantage Hasbro. Given the fact that Serafino cannot afford substitute counsel, Hasbro continues, both Hasbro and the Court, let alone Serafino, would be forced to deal with the problems that would necessarily arise were Serafino forced to proceed *pro se.*

### III. DISCUSSION

An attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir.1985). A client's failure to pay attorney's fees may well support the withdrawal of counsel. *Hammond v. T.J. Litle & Co.*, 809 F.Supp. 156 (D.Mass.1992). In *Hammond*, attorneys moved to withdraw when their client was in arrears on payment of fees and expenses in contravention of the terms of the parties' fee agreement. The court initially noted that, in addition to L.R. 83.5.2(c), D.R. 2–110 outlines specific sets of circumstances in which an attorney may seek permission to withdraw from representation. *Id.* at 160. Specifically citing D.R. 2–1 10(C)(1)(f), the court found that "[c]ounsel is allowed to seek the court's permission to withdraw when the client 'deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Id.* The court then went on to hold that, in light of the client's deliberate disregard of the terms of the fee agreement, withdrawal was proper under the circumstances.

■ In the present matter, the contractual relationship between Goldings and Serafino is complicated by several factors. These factors include the following: the interrelationship of Serafino's initial case against Hasbro with that of his daughter's; the overlapping retainer agreement; significant confusion in billing; and the fact that Serafino now finds himself defending an action by Hasbro when, at the time of his and his daughter's retainer agreement with Goldings, he was the hunter and not the prey. Indeed, it now appears that Serafino's original case against Hasbro, Civil Action No. 95–CV–30053–MAP, has been finally dismissed, *see Serafino v. Hasbro, Inc.*, 82 F.3d 515 (1st Cir.1996), although his daughter's claims against Hasbro survive in state court. Nonetheless, Goldings continued to represent Serafino in the present

matter "based on" the original retainer agreement.

As indicated, Serafino is now unable to pay any part of the fees due, given the fact that whatever resources he has are tied up in the equity of his property, an equity which his wife is unwilling to further encumber.[2] As the *Hammond* court itself acknowledged, however, "the terms and effect of a severance of the relationship [between attorneys and clients] do not depend solely on findings of breach, or who broke the contract first, or whose breach was more substantial." *Id.*, 809 F.Supp. at 159. Indeed, the court acknowledged that withdrawal for failure to pay a fee "will not necessarily be appropriate in all ... circumstances." *Id.* at 161 (citations and internal quotation marks omitted). Thus, the Court may also consider "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." *Id.*

Here, given the particular mix of factors cited above, the Court cannot find that Serafino's failure to pay the fees is deliberate in the same sense as it was in *Hammond*. First, while the amount of unpaid work is significant, Serafino has also paid significant fees to date and would simply be lost in the maze of litigation were he unrepresented. Moreover, the Court is not convinced that any non-financial differences between Serafino and Goldings are irreconcilable enough at this time to support withdrawal. Further, the effect of Goldings' withdrawal on Serafino would be grievous. It would be impossible, if not unwise, for Serafino to represent himself in the instant litigation, which has been both heated and sophisticated. This is particularly so in light of the parallel legal issues confronting Serafino, including, by

way of the parties' revelations, a possible grand jury inquiry.

■ In addition, as in *Hammond*, there exists an interest beyond that of the client or the attorney, namely, the interests of the Court. "An attorney who agrees to represent a client in a court proceeding assumes the responsibility to the court as well as to the client. Both attorney and client agree to a relationship between them that bears also upon their respective obligations to the court." *Hammond*, 809 F.Supp. at 159. Here, the Court's own interests would be ill served were it to permit counsel to withdraw from this case without substitute counsel. Goldings' suggestion, albeit offhanded, that a law school clinic might be found to represent Serafino is unacceptable.

Finally, another aspect of this matter may well be the tail that wags the dog. Thus, Goldings seeks to withdraw as counsel not only for Serafino, but for the two corporate defendants controlled by Serafino. In this district, it is the rule that corporations cannot litigate *pro se*. *See* L.R. 83.5.2(d) ("The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney."). Despite this rule having been drawn to the attention of Goldings, it is left unaddressed in his supplemental affidavit. Were the Court to allow Goldings to withdraw, the corporate defendants would have to either immediately retain substitute counsel or accept default judgments. While the Court is not able at this time to measure the consequences of default judgments against the corporations, it is not ready to engender that result. Nor does the Court believe it sensible to allow Goldings to withdraw as counsel for Serafino, but remain counsel to the corporations.

---

2. A partial discussion of this issue can be found in this Court's report and recommendation of January 9, 1997 (Docket No. 77), adopted by District Judge Michael A. Ponsor on February 25, 1997, without opposition from any of the parties. Assumedly, Hasbro has since filed its attachment on Serafino's real estate in the amount of $570,-000, although this Court kept open the possibility that Serafino's equity in that real estate, upon further motion, might be accessed in order to pay attorneys' fees.

## CONCLUSION

For all the reasons stated, Goldings' motion is DENIED.[3]

IT IS SO ORDERED.

---

3. This is not to say that Serafino should cease actively pursuing ways to pay or ensure payment of all reasonable fees. Moreover, the Court's denial of the motion at this time does not give Serafino license to resist cooperating with Goldings and his firm. (See, e.g., Docket No. 1 61.) In addition, the Court recognizes that the relationship between Serafino and Goldings could deteriorate to such a degree that withdrawal would be appropriate. Of course, that possibility should not be purposefully encouraged by either Serafino or Goldings.