*So ordered.*

*Robert J. Gilbert* (*Jeffrey B. Renton* with him) for the defendant.
*Edward S. Rooney, Jr.,* for the plaintiffs.


V.H. *vs.* J.P.H. & another.[1] No. 04-P-150. October 7, 2004. *Attorney at Law,* Withdrawal.

This is an appeal by the members of the law firm of Phillips and Angley (counsel) who were denied the right, by a judge of the Superior Court, to withdraw as counsel for the defendant J.P.H. J.P.H. and his father are defendants in the underlying impounded action in tort. Counsel's motion stated that although J.P.H. had in writing agreed to pay for legal services on a monthly basis within thirty days of receiving a bill, he failed to pay the amounts due. The agreement permits counsel to withdraw if the firm is not paid.

J.P.H. opposed the motion pro se.[2] The judge held a hearing on September 2, 2003 at which counsel and J.P.H. spoke, but not under oath. Counsel acknowledged that the firm had been paid more than $85,000, and that the latest payment of $500 was made in June, 2003. Counsel stated that in November, 2002 about $46,000 was due, and only $10,500 had been paid since that date. Counsel also acknowledged at the hearing that several items of discovery remained — the deposition of the plaintiff's expert and the completion of the deposition of one of the defendants and the deposition of the other defendant. The depositions were scheduled for some time before September 30. At the hearing, counsel also claimed that J.P.H.'s opposition had created an atmosphere which counsel "cannot deal with." J.P.H. disagreed, stating that he had no problem with counsel and that "[t]hey have the ability to defend me in this matter." He also said he would "do [his] best to settle up with counsel."

In denying the motion, the judge concluded:

"The withdrawal of counsel at this point in the litigation would have a material adverse effect on the interests of their client.

"There are pending two depositions; that of the defendant and his father. The tracking order has a disposition date of November 28, 2003.

"The case has been pending for three (3) years. It would be extremely difficult for another attorney (assuming one could be retained) to prepare for the last part of discovery and for trial in a relatively short period of time.

[1]F.S.H., Jr.

[2]In his written opposition J.P.H. stated that he did not have "the where-with-all to pay for new counsel to come into this case and come 'up to speed.' " He also stated that he had been overbilled, that some of the work for which he had been billed had been done by counsel for the codefendant, and that counsel orally agreed to finish the case. (We note that the written fee agreement contains an integration clause.)

"The parties will have to work out their differences regarding payment of the legal fees."

Under Mass.R.Civ.P. 11(c), 365 Mass. 753 (1974), counsel may not withdraw in a pending action in the absence of the appointment of successor counsel without leave of court. Whether counsel may withdraw in such circumstances is a matter within the discretion of the judge. *LoCicero* v. *Hartford Ins. Group*, 25 Mass. App. Ct. 339, 344 (1988).

Supreme Judicial Court Rule 3.07, Mass.R.Prof.C. 1.16(b), 426 Mass. 1370 (1998), provides that

"[e]xcept as stated in paragraph (c),[3] a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

". . . .

"(4) the client fails substantially to fulfil an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

"(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . ."[4]

While a client's failure to pay attorney's fees may support the withdrawal of counsel, withdrawal "will not necessarily be appropriate in all . . . circumstances." *Hammond* v. *T.J. Little & Co.*, 809 F. Supp. 156, 161 (D. Mass. 1992), quoting from N.Y. St. B.A. Comm. on Prof. Ethics, Op. 598 (Feb 1, 1989), reprinted in Nat'l Rep. Legal Ethics (Univ. Pub. Am.), NY: Opinions: 21 (1989). See *Hasbro, Inc.* v. *Serafino*, 966 F. Supp. 108, 110 (D. Mass. 1997). The bar association committee suggests that a court may also take into account: "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." *Hammond* v. *T.J. Little & Co.*, *supra*. A judge may also consider the interest of the court as "[an] attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client." *Id.* at 159.

We consider that the judge's order in this case with its sensitive underlying litigation indicates that she took into account appropriate factors in denying counsel's motion to withdraw. There was no abuse of discretion.

*Order denying motion to withdraw affirmed.*

*Daniel Treger* for Jeffrey J. Phillips & others.

*J.P.H.*, pro se.

---

[3]Paragraph (c) provides: "If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission."

[4]In their brief, counsel alleges a hardship, but there was no claim of financial hardship even at the nonevidentiary hearing.