**Sarah MILLER, Plaintiff**

v.

**DUNN & PHILLIPS, P.C. and Cornelius Phillips, III, Defendants.**

**Civil Action No. 10–30096–KPN.**

United States District Court, D. Massachusetts.

Dec. 30, 2011.

---

Suzanne Garrow, Thomas J. McCormick, Heisler, Feldman, McCormick & Garrow, P.C., Springfield, MA, for Plaintiff.

Amy B. Royal, Rosemary J. Nevins, Royal & Klimczuk, LLC, Northampton, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' COUNSEL'S MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL TO DEFENDANTS*

*(Document No. 97)*

NEIMAN, United States Magistrate Judge.

Presently before the court is Defendants' counsel's motion for leave to withdraw. Defendants are Cornelius Phillips, III, and his professional law corporation Dunn & Phillips, P.C. The affidavit in support of the motion sets forth various recent instances in which counsel has had difficulty communicating with her clients on certain "critical issues." Sarah Miller, Plaintiff, opposes the motion.

After hearing arguments on December 29, 2011, including separate arguments outside of Plaintiff's earshot from both Defendant Phillips and Defendants' counsel, the court will deny the motion. The court will also deny Plaintiff's recently filed motion for sanctions.

### DISCUSSION

Local Rule 83.5.2(c) provides as follows with regard to an attorney's withdrawal of his or her appearance:

An attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due. Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court.

Mass. Local R. 83.5.2(c). While in the instant matter there are no other motions pending before the court, Defendants' counsel's motion has not been accompanied by a notice of appearance by substitute counsel, a jury trial date has long been set for January 30, 2012, and a pretrial conference is scheduled for January 25, 2012, prior to which the parties must comply with the Procedural Order of June 15, 2011. Accordingly, in accord with the Local Rule, Defendants' counsel may only withdraw with leave of court, an issue left to its sound discretion. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir.1985) (attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court").

■ A request for withdrawal, more often than not, is grounded in a party's failure to pay attorney's fees. *See, e.g., Hammond v. T.J. Litle & Co., Inc.*, 809 F.Supp. 156 (D.Mass.1992). Nonetheless, withdrawal for failure to pay a fee "will not necessarily be appropriate in all ... circumstances." *Id.* at 161 (citation and internal quotation marks omitted). In addition, there exist interests beyond that of the client or the attorney, namely, the interests of the opposing party and the court. *See Hasbro, Inc. v. Serafino*, 966 F.Supp. 108, 110 (D.Mass.1997). Here, however, there is no real dispute as to fees, certainly not one which would warrant withdrawal. Although Defendants' counsel makes mention in her motion of a fee issue as a secondary matter, both counsel and Defendants made clear at the hearing on the motion that the fee issue was of little moment. More to the point, for the reasons set forth below, the court does not believe that the primary reason proffered by Defendants' counsel in support of the motion, is a communication problem sufficient to permit withdrawal. *See White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *1 (N.D.Tex. June 15, 2010)

("The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal.").

■ In applicable part, Massachusetts Supreme Judicial Court Rule 3:07, MASS. RULES OF PROF'L CONDUCT R. 1.16(b), provides that:

a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfil an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

MASS. RULES OF PROF'L CONDUCT R. 1.16(b). Even in such instances, however, withdrawal is not automatic. As subsection (c) of Rule 1.16 provides, "[i]f permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission." MASS. RULES OF PROF'L CONDUCT R. 1.16(c). As described, Local Rule

83.5.2(c) of this District requires leave of court in the present instance.

In any event, none of the grounds for withdrawal set forth in Rule 1.16(b) has been established here. No fraud or crime on the client's part has been raised, Defendants, as far as the court is aware, have not insisted upon pursuing inappropriate objectives, and there are no significant financial issues. At best, Defendants' counsel has voiced concern about a lack of communication. As described by counsel, however, that concern, in the court's estimation, does not amount to an irreparable breakdown of the attorney-client relationship. Indeed, the court questions whether the issue ought to have been brought to its attention in the first place.

Moreover, counsel's withdrawal cannot be accomplished without a material adverse effect on Defendants' interests; Defendants do not have substitute counsel and may well be unable to retain such counsel fast enough to proceed to trial in several weeks. In addition, the corporate Defendant's position would be particularly compromised if substitute counsel was not promptly retained; it is the rule in this district that corporations cannot litigation *pro se. See* Local Rule 83.5.2(d) ("The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney."). Thus, were the court to allow Defendants' counsel to withdraw, the corporate Defendant, without substitute counsel, could well be forced into a default judgment. *See Hasbro, Inc.,* 966 F.Supp. at 110.

If that were all that was before the court, it would have little hesitation in denying Defendants' counsel's motion for leave to withdraw. There is, however, another aspect to the issue which arose subsequent to counsel's filing of the motion and the scheduling of the hearing thereon, namely, Defendants' purported correspon-dence to their counsel that they no longer wished to have her or her firm represent them at trial. *See* Document No. 100. The actual correspondence, a largely redacted copy of which was provided to the court at the hearing, is dated December 27, 2011. *See* Document No. 102 (under seal). This development has required further consideration but, in the end, has not convinced the court that counsel should be permitted to withdraw.

The mere fact that Defendants have apparently decided that they no longer wish to have counsel represent them at trial does not automatically render withdrawal appropriate. As Local Rule 83.5.2(c) makes clear, even counsel "whose services have been terminated by his client" must still seek leave of court to withdraw. *See also* Mass. Rules of Prof'l Conduct R. 1.16(a), (c) (lawyer shall withdraw from representation of a client if "the lawyer is discharged" except if permission to withdraw is required by the tribunal). Thus, even assuming Defendants' counsel's services have been "terminated—although that word is not used in the one unredacted sentence of the correspondence provided to the court—and even if the court were to read into counsel's motion this most recent development, the court must still weigh a variety of factors before deciding if leave to withdraw is appropriate." *See, generally, In re Kiley,* 459 Mass. 645, 947 N.E.2d 1, 4–5 (2011).

Here, in addition to those reasons cited above, there are a number of other reasons why counsel's withdrawal will not be granted even in the face of these more recent development. First, the timing of Defendants' apparent "termination" of counsel's services is highly suspect. This case was commenced in mid-May of 2010 and has proceeded apace, a significant number of documents (nearly one hundred) having been filed prior to Defendants' counsel's motion for leave to with-

draw; those documents include motions to compel, for discovery, to quash, for protective orders, for a Rule 35 examination, to dismiss, for the exercise of supplemental jurisdiction, and for summary judgment. All of these motions were vigorously pursued or defended by Defendants' counsel and, at no time, was there any indication to the court of Defendants' dissatisfaction with her representation. Only when Defendants' counsel herself filed a motion for leave to withdraw—which, as indicated and without more, the court was prepared to deny—did Defendants "terminate" counsel's services. That was three days ago and four weeks prior to trial.

Second, Defendants have provided an inadequate explanation as to why, after all this pretrial litigation, they evidently terminated their counsel's services. The redacted letter provided to the court—only one sentence of which remained unredacted—says little if anything; even when granted the opportunity to explain their reasons at side bar, Defendants failed to provide much additional information—other than an apparent loss of confidence in her—to convince the court, given all the circumstances, that withdrawal would be appropriate. Complicating matters, Defendants, as indicated in open court, want to seek substitute trial counsel on condition that the trial be postponed for a number of months. Defendants' counsel, on the other hand, indicated that, if necessary, she is prepared to proceed to trial as scheduled. *See V.H. v. J.P.H.*, 62 Mass. App.Ct. 910, 815 N.E.2d 1096, 1097 (2004) (trial court did not abuse discretion in denying motion to withdraw when among other things, case had been pending for three years and it would be difficult for another attorney, assuming one could be retained, to prepare for trial in a relatively short period of time).

Third, the court finds that withdrawal would have an adverse effect not only on the "timely and fair adjudication of the case," *In re Kiley*, 947 N.E.2d at 6, but as well on the "reasonable expectation of the opposing party to have [the] case efficiently adjudicated." *Zabin v. Picciotto*, 73 Mass.App.Ct. 141, 896 N.E.2d 937, 960 (2008). As described, this matter has been in litigation for some time (including presuit matters before the Massachusetts Commission Against Discrimination, after which Defendants reportedly first switched counsel), the trial date has been set since mid-June of 2011, and, as recently as December 14, 2011 (at the hearing on several motions, including Defendants' motion for summary judgment), the court confirmed that the January 30, 2012 trial date was etched in granite. As Plaintiff described in her opposition and again at the hearing, postponement of the trial would disrupt trial preparation already under way, witness subpoenas, and plans for Plaintiff's employment, if not her state of mind. These considerations far outweigh Defendants' recent and sudden desire to replace counsel, the reasons for which apparently crystalized only in the last week or two.

Finally, the court has concluded that its own interests would be ill served were it to permit counsel to withdraw. *See Hammond*, 809 F.Supp. at 159 ("An attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client. Both attorney and client agree to a relationship between them that bears also upon their respective obligations to the court."); *In re Cuddy*, 322 B.R. 12, 16 (Bankr.D.Mass. 2005) (addressing as "a delicate balancing act" the competing interests of movant, parties and the court). To be sure, the court "neither controls, nor desires to control, the access that litigants have to the attorney of their choice. However, once an attorney has noted his or her appearance in this [c]ourt on behalf of a litigant, the [c]ourt requires control over whether the litigant should continue to be repre-

sented by that attorney. Without such control, the [c]ourt's ability to manage its calendar, and to administer justice, would unavoidably suffer." *Gold's Gym Licensing, LLC v. K–Pro Mktg. Group, Inc.,* 2009 WL 3520858, at *3 (D.Minn. Oct. 26, 2009). For all the reasons stated and on balance, the court's interests in proceeding as scheduled would be ill served by permitting, on the slim justification offered, the withdrawal of counsel and the concomitant delay and disruption (including, no doubt, further pretrial litigation) engendered thereby. *See Broughten v. Voss,* 634 F.2d 880, 882 (5th Cir.1981) (even where good cause for withdrawal may exist, it is "cumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel."). Defendants, of course, are not precluded from retaining substitute counsel, provided that such counsel is prepared to proceed to trial as scheduled.

### CONCLUSION

For the reasons stated, the motion for leave to withdraw is DENIED.

IT IS SO ORDERED.