Merrick, J.
The plaintiff, Detective Sergeant Daniel McGowan of the Stoughton
police department, brought this action for assault and battery and negligence against the defendants, Pamela Bishop and Matthew Amaru, arising out of an incident at their home when the plaintiff went there to arrest Rocco Amaru, respectively their son and brother, on a warrant.
Prior to trial, the defendants moved in limine to admit evidence concerning a previous incident that had occurred at their home in which Stoughton police arrived and attempted to arrest Rocco Amaru without a warrant. The plaintiff in this case was not involved in the earlier incident. The motion in limine was denied before trial. Beyond that, we can only speculate.
The defendant-appellants have included in their record appendix only a transcript of the brief hearing on the motion in limine; they have omitted any record of the trial itself. But the defendants “cannot rest on a motion in limine to preserve their appellate rights. The consequence of the failure properly to object at trial is to waive the issue on appeal” (citations omitted). Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001). ‘“It is well established that a motion in limine, seeking a pretrial evi-dentiary ruling, is insufficient to preserve appellate rights unless there is an objection at trial.’ Without an objection at trial, which gives the judge an opportunity to reconsider the issue in context, any harm resulting from a ruling in limine is purely speculative” (citations omitted). Commonwealth v. Jones, 464 Mass. 16, 18 (2012).
A ruling in limine is not final. ‘The ruling is subject to change when the case unfolds.... Indeed even if nothing unexpected happens at trial, the ... judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.” Luce v. United States, 469 U.S. 38, 41-42 (1984). Not only do we have no record of an attempt to proffer state of mind evidence, at sidebar or as offer of proof, while either defendant was on the witness stand, but the defendants also conceded in oral argument before us that no such attempt or effort was made.
“It is the appellant’s responsibility to have the transcript prepared, and to include in the appendix an accurate and complete trial record upon which the issues presented on appeal may be satisfactorily reviewed.” Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68. Even if we were inclined to overlook the waiver of the issue, there *92 is no record on which we could base an assessment of the evidence at trial. It is even unclear whether the trial included the assault and battery claim or whether the case was tried on negligence alone.
Finally, even if we had enough of a record to analyze the evidentiary issue, there would be no record on which to determine whether any ruling on evidence was prejudicial so as to justify a new trial. See Carrel v. National Cord & Braid Corp., 447 Mass. 431, 450 (2006); G.L.c. 231, §110.
Judgment affirmed.
So ordered.