Coven, J.
In this appeal from a summary process action involving a foreclosed property in which the trial court found for the plaintiff, LNV Corporation, on its claim of possession against the defendant, the former mortgagor, the defendant argues that (1) pretrial rulings were issued in error and prejudiced his defenses, (2) his motion for a new trial was improperly denied, and (3) the court improperly allowed his counsel to withdraw from representation.
We begin with examining the propriety of the pretrial rulings, but in order to do so, we must first address the nature of the rulings. The plaintiff argues that the issue involves the action taken by the court on its motion in limine and that, because the defendant made no trial objection, the issue has not been properly preserved. On the other hand, the defendant argues that his claim of error should be viewed as error in disallowing discovery requests.
The distinction is substantive. “A ruling in limine is not final. The ruling is subject to change when the case unfolds.... Indeed even if nothing unexpected happens at trial, the ... judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.’” McGowan v. Amaru, 2013 Mass. App. Div. 91, quoting Luce v. United States, 469 U.S. 38, 41-42 (1984). In contrast, we uphold discovery rulings “unless the appellant can demonstrate an abuse of discretion that resulted in prejudicial error.” Buster v. George W. Moore, Inc., 438 Mass. 635, 653 (2003), citing Solimene v. B. Grauel & Co., 399 Mass. 790, 799 (1987). Depending on its context, in *79 the former review may not be preserved, and in the latter appellate review may exist.
To inform our review, we set out the discovery request and, in part, note the content of the plaintiffs motion in limine that bears on our review. The defendant, through a motion to compel discovery, sought (1) “[p]roof of the Plaintiffs status as proper assignee to the original mortgage to the [foreclosed property]”; (2) “[p]roof of Plaintiffs failure and refusal to provide defendant with a reliable and accurate amount required to redeem said mortgage and of the conflicting amounts that were provided to him”; and (3) “[a]ll documents, including publications, demonstrating that the foreclosure sale of the Defendant’s home was reasonably conducted.” The motion judge denied the defendanf s request, ruling that the discovery request related to issues over which only the Superior Court had jurisdiction. Through its motion in limine, the plaintiff sought to exclude, inter alia, any evidence relating to the discovery request.
At its conceptual level, the defendant was denied his request for discovery, and the plaintiff sought, through its motion, to exclude evidence on the exact issues that the defendant was denied discovery. In these circumstances, we are of the view that the issue presented in this appeal should be addressed through an examination of whether the motion judge erred in ruling that the discovery sought was relevant only in a Superior Court action and, if there were error, whether it requires reversal. We conclude that the motion judge erred, in part, in determining that some of the information would be relevant only to a Superior Court action, but we find that the defendant has not demonstrated any prejudice flowing from the error.
Pursuant to Mass. R. Civ. E, Rule 34 (a), 365 Mass. 792 (1974), a party may request any other party “to produce and permit the party malting the request... to inspect and copy, any designated documents ... which constitute or contain matters within the scope” of discoverable evidence. Under Rule 26(b), a party is entitled to request all documents of “any matter, not privileged, which is relevant to the subject matter involved in the pending action,” including information that, although inadmissible at trial, “appears reasonably calculated to lead to the discovery of admissible evidence.” See Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 414 Mass. 609, 615 (1993). When a party fails to respond adequately to a request for production of documents pursuant to Rule 34, the party seeking discovery may move for an order compelling production of the documents as provided in Rule 37(a) (2).
In response to the discovery request, the plaintiff took the position that the issue of assignment was a contractual issue and if deficiencies existed they could not be claimed by an individual, such as the defendant, who was not a party to the contract. It nevertheless did produce documents. The documents produced demonstrated two assignments. The first was from Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., to which the defendant granted a mortgage, to Residential Funding Company, LLC. The second was from Residential Funding Company, LLC to the plaintiff, effective four years before the foreclosure sale. In regard to documents concerning the right of redemption, the plaintiff asserted that the request was not relevant to the summary process action. And in the context of the conduct of the foreclosure sale, no objection was asserted and documents were produced, including the foreclosure deed, affidavit of sale, and notice published in a Winchester, MA newspaper, a paper published in the location of the foreclosed property.
*80 “ [T]he structure of Rule 34 throws upon the discovering party the burden of overcoming an objection to disclosure.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §34.5, at 503 (2d ed. 2006). The defendant has failed to identify in his motion to compel any deficiencies with the responses to the requested discovery. However, in the circumstances of this case, we must first address the motion judge’s ruling that the material requested was subject to Superior Court jurisdiction only.
“Four Departments of the Massachusetts Trial Court have jurisdiction over summary process actions (Superior Court, District Court, Boston Municipal Court and Housing Court).” Commentary to Rule 1 of the Uniform Summary Process Rules. See also Bank of N.Y. v. Bailey, 460 Mass. 327, 332 (2011). “The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue.... Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge.” Bailey, supra at 333, quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966).
Cognizant that the “United States Supreme Court has defined relevancy under Fed. R. Civ. R, Rule 26(b)(1), the parallel rule to Mass. R. Civ. R, Rule 26(b)(1), broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case,” and that the scope of discovery is “not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues,” Cronin v. Strayer, 392 Mass. 525, 534 (1984), we turn to the discovery requested in the context of this summary process proceeding.
Although the first request may be expansive in nature, it did encompass a call for the production of evidence of assignments of the mortgage. The request is beyond marginally relevant. The request goes to the authority of the plaintiff to proceed with its claim of superior title. The third request is, as well, directly relevant to the summary process proceeding. It requested information that goes to whether the plaintiff complied with the requirements of G.L.c. 244, §14 that notice of the foreclosure sale be published in a local newspaper. The denial based on the conclusion that the issues were restricted to Superior Court was clear error.
On the other hand, the motion judge’s ruling regarding the defendant’s request to have the plaintiff “provide defendant” with documents showing “a reliable and accurate amount required to redeem said mortgage and of the conflicting amounts th[at] were provided to him” was not an abuse of discretion. Under the Supreme Judicial Court’s recent decision in US. Bank Nat'l Ass’n v. Schumacher, 467 Mass. 421 (2014), that request went to preforeclosure issues from which the defendant sought to challenge the plaintiffs title. According to Schumacher, any material breach of these obligations should have been brought in the Superior Court in an action in equity. Id. at 429.
But even as to the requests where the trial court was in error, the defendant has not demonstrated that he was prejudiced. The defendant through discovery received evidence of the assignments of the mortgage, the foreclosure deed, affidavit of sale, and copy of the published notice of sale. He did not present in his motion to compel (or in this appeal) evidence of what other relevant documents could have been provided that would be relevant to any cognizable defense.
*81 We notably add that because the defendant has not provided us with a full trial transcript, we are unable to determine whether (and to what extent) the defendant was precluded from effectively making use of the documents produced, or denied the opportunity to raise defenses or have the court otherwise consider issues he raises as error.
The defendant in his brief argues the secondary issue that his motion for a new trial was improperly denied. The motion raises the issue of claimed prejudice flowing from the discovery rulings and, in addition, the improper allowance of his counsel’s motion to withdraw from representation. “The resolution of motions for a new trial and motions for relief from judgment rests in the discretion of the trial judge, and we review orders granting such relief for an abuse of that discretion.” Wojcicki v. Caragher, 447 Mass. 200, 209 (2006). For the reasons stated, there was no abuse of discretion in denying his motion for a new trial based on the asserted error in the discovery rulings.
We now turn to the issue of counsel’s ■withdrawal. The defendant argues that the court erred in allowing his counsel to withdraw from representing him because of the material adverse effect it had on his presentation of a defense. We review for abuse of discretion. Kiley, petitioner, 459 Mass. 645, 649 (2011). The defendant cites to Mass. R. Prof. C., Rule 1.16(b), which governs discretionary withdrawals and includes consideration of the effect of the withdrawal on the client. However, under Rule 1.16(a), an attorney “shall” withdraw from representation where the lawyer’s physical or mental condition materially impairs the lawyer’s ability to represent the client. In allowing the motion to withdraw, the motion judge was presented with an affidavit of counsel in which counsel detailed his cardiac issues, ongoing treatment under physician care, and counsel’s self-assessment that because of his “current medical situation,” he could not “be at all sure of [his] ability to effectively represent [the defendant].” There was no abuse of discretion in allowing this lawyer to withdraw.
So ordered.