269 P.2d 715

PLATT v. BAGG.

No. 5768.

Supreme Court of Arizona.

April 26, 1954.

Rehearing Denied May 18, 1954.

Charles P. Elmer, Kingman, for appellant.

O. Ellis Everett, Kingman, for appellee.

WINDES, Justice.

Suit by appellee John Sherman Bagg, hereinafter designated the plaintiff, against appellant Francis Platt, hereinafter designated defendant, to quiet title to unpatented mining claims in Mohave County, Arizona. Three unpatented mining claims, Mizpah, Mizpah 1 and Mizpah 4, hereinafter referred to as the Mizpah group, were located in 1915 by one Oscar A. Turner, and one unpatented mining claim, Wedge, was located in 1897 by one John W. Gerritt. Title to these four claims came by mesne conveyances to defendant. On May 21, 1951, the plaintiff, having theretofore posted the statutory notices and marked the boundaries, filed in the office of the County Recorder of Mohave Coun-

216

ty notice of location of Monitor No. 5 and two days later filed notice of location of Monitor No. 6. The Monitor No. 5 overlaps ground enclosed in each of the claims constituting the Mizpah group. The designated boundaries of Monitor No. 6 are identical with those of the Wedge. Subsequent to the filing by the plaintiff of his location notices but before he had commenced his location work, the defendant went on the ground and commenced assessment work for the year 1951. Thereafter and within the time prescribed by the statute, the plaintiff completed his location work. The case was tried before a jury resulting in a verdict and judgment for the plaintiff quieting title to Monitor No. 5 and Monitor No. 6. Defendant appeals.

An essential fact which must exist for the plaintiff to prevail is that the ground had reverted to the public domain by reason of the failure of the defendant to do the assessment work for the year 1950 as required by law. To show compliance, defendant submitted in evidence the affidavit of one Blaine Steele, recorded July 7, 1950, reciting that at least $600 worth of work and improvements was done on the Mizpah group, the Wedge, and two other claims not involved herein. The issue was raised with evidence presented pro and con concerning the worth of whatever work was done.

The jury was instructed that the law required the owner of unpatented claims to do $100 worth of work or improvements on or for each unpatented claim every year and that one of the questions was whether the defendant had complied with the requirements thereof concerning the performance of this annual labor. The evidence is in conflict as to whether the defendant actually did perform the $600 worth of work as stated in the recorded affidavit. If the defendant's affidavit of assessment work be true, the claims were not open to relocation, and the defendant would necessarily prevail; if the work was not done, the ground was open public domain and the plaintiff should prevail if he complied with the law in making his location. The jury by its verdict decided this issue against the defendant and necessarily found that the defendant did not do $600 worth of assessment work for the year 1950. Defendant contends, however, that the evidence shows indisputably that some work was done and that the court should have given his requested instruction No. 6 to the effect that where the expenditure for annual labor is insufficient to protect all the claims, it may be applied to the claim on which it was expended or for the direct benefit of which it was expended. We fail to perceive how the jury could possibly comply with this instruction. Defendant was contending sufficient work was done to protect six claims. The jury found to the contrary. Had the jury found sufficient work was done to protect only one claim, to which one could it have applied

the work? Under the state of the record, there was no way the jury could have intelligently followed such an instruction. There was no error in refusing this instruction.

■ On this same subject, the defendant asked for a special interrogatory to the effect that if the defendant failed to do $600 worth of work to protect the six claims, did defendant do sufficient work to hold any of them and if so, on which or for which of the claims was the work done? Defendant was contending he did $600 worth of work for all the claims and there was nothing in the record to enable the jury, in the event it found the work worth less than $600, to determine how the same should be allocated. There was nothing in the record to enable the jury to intelligently answer the interrogatory.

■ At the close of the plaintiff's case, defendant moved for a directed verdict on the ground that the plaintiff had failed to prove discovery of mineral in place and that, therefore, his locations were invalid. The trial court being of the opinion that such proof was necessary permitted the plaintiff to reopen for the purpose of making such proof. Defendant assigns as error the court's action in permitting the plaintiff to reopen for the reason it was done at the court's suggestion that such a request would be allowed. We perceive no reversible error in the court offering counsel an opportunity to supply such proof

if he was able to do so. The trial court has a broad discretion in such matters and the granting an opportunity to supply additional proof, if possible, may be freely granted if necessary to fairly submit the case on its merits.

■ After reopening, the plaintiff submitted evidence from which the jury could find that the plaintiff at the time of making the locations found mineral in place, not as a new and original discovery, but as a result of discoveries made under the former locations of the Mizpah group and the Wedge. We have held that a locator need not be the first or original discoverer of mineral, but that he may adopt an abandoned or forfeited discovery by locating as a relocation. Hagan v. Dutton, 20 Ariz. 476, 181 P. 578. This is a sound rule for the reason that the purpose of requiring mineral in place is to prevent a fraud on the Government by possibly acquiring title to public land through the avenue of mining laws for other purposes than mining. Waskey v. Hammer, 223 U.S. 85, 32 S.Ct. 187, 56 L. Ed. 359, affirming, 9 Cir., 170 F. 31. We hold, therefore, as a matter of law that the plaintiff's claims were not invalid for the lack of original discovery.

■ It is urged that the Monitor No. 5 cannot be a valid relocation for the reason that it overlaps the Mizpah claims but does not embrace the entire boundaries thereof. Defendant claims the boundaries of the relocated claim must be substantially co-

218

extensive with those of the first location. Three cases are cited to support this position. We have read them and are unable to agree that they are in point. Our statutes provide that the location of an abandoned or forfeited claim is to be made in the same manner as other locations with certain exceptions concerning performance of location work. Section 65–106, A.C.A.1939. At one time the statute required that one relocating a forfeited or abandoned claim should state in his location notice whether "the whole or any part of the new location is located as abandoned property". Section 3241, Revised Statutes 1901. This plainly indicates that when this provision was in the statute the legislature intended to authorize the relocation of the whole or any part of an abandoned claim. We do not think that the fact that subsequently the legislature eliminated the requirement that the notice expressly state whether one was relocating the whole of an abandoned claim evidences an intention on the part of the legislature to require one in making a relocation to relocate the whole of the former claim. If the former claims have been forfeited or abandoned, the ground is public domain and we see no purpose whatever in requiring a relocator to take in ground that may not serve his purpose. We see no reason for holding that if there be public domain in the form of abandoned claims, the boundaries of a relocation may not be delineated differently from that of the original locators.

■ Defendant attempted to prove the assessment work on the claims for the years 1951 and 1952. The court on objection excluded this evidence. Defendant assigns this action of the court as error for the reason that the adverse locator has the burden of proving discovery of mineral in place and that he took other necessary steps to perfect his locations. The jury on proper instructions found that the plaintiff did take the necessary steps to perfect his locations including discovery of mineral. Since our view is that the jury could legally so find, the reason assigned for excluding this evidence is without merit.

■ Defendant offered in evidence a contract which plaintiff had with Pontiac Mines, Inc., relative to some claims lying between the Mizpah group and the Wedge. The defendant had no interest in the claims covered by the contract and none of them were involved in the litigation. There was nothing in the contract having any bearing on the issues being tried. The court properly excluded this evidence.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.