728 P.2d 663

**T.H. PROPERTIES, an Arizona general partnership, Plaintiff/Appellee,**

**v.**

**SUNSHINE AUTO RENTAL, INC., an Arizona Corporation, Defendant/Appellant.**

**No. 2 CA–CIV 5694.**

Court of Appeals of Arizona, Division 2, Department A.

June 11, 1986.

Review Denied Nov. 18, 1986.

Lewis and Roca by Susan M. Freeman and Thomas H. Campbell, Phoenix, for plaintiff/appellee.

Andrew M. Hull, Phoenix, for defendant/appellant.

HOWARD, Presiding Judge.

This is an appeal of a forcible entry and detainer action wherein the trial court granted the landlord possession and awarded the sum of $2,099 for unpaid taxes, and $3,142.50 for unpaid rent.

The facts disclose that on August 10, 1982, T.H. Properties' (TH) predecessor in interest, S & J Investments (S & J) leased the premises at issue to Sunshine Auto Rental, Inc. (Sunshine). According to the terms of the lease Sunshine was to pay monthly rent in the sum of $3,000 plus rental taxes and the real property taxes. Sunshine failed to pay the Maricopa County real estate taxes due on October 22, 1984, and failed to pay the rent due on November 1, 1984. On November 2, S & J gave written notice of default to Sunshine stating that it had three days to cure the defaults. On November 6, S & J received a check from Sunshine in an amount sufficient to pay the taxes and rent. S & J presented the check to Sunshine's bank which refused to honor it. The bank teller wrote on the back of the check: "Funds not available at this time. 11–6–84."

On November 9, S & J delivered written notice to Sunshine, in accordance with the lease and prior notice of default, that the lease was terminated. In addition, the notice demanded possession of the premises as well as payment of the overdue rent and taxes.

On November 12, several days after the termination and demand for payment, Sunshine delivered a cashier's check in the amount demanded for overdue rent and taxes to the office of S & J. S & J and its successor in interest, TH, retained the check for monies demanded in the November 9 termination letter, but did not negotiate it immediately. Neither S & J nor TH had any intention of reinstating the lease.

At the close of trial, Sunshine moved for a directed verdict contending that TH had failed to present evidence of ownership. TH was granted permission by the court to reopen its case to put the lease assignment into evidence. After the judgment was entered and a writ of restitution had issued, TH negotiated the cashier's check which it had been holding as a partial execution of the judgment.

Sunshine contends the trial court erred in granting TH judgment because the evidence showed that S & J and TH waived any right to declare the lease forfeited because TH retained and later cashed the cashier's check. We do not agree. Acceptance of rent which had accrued prior to the

time the grounds for forfeiture arose did not affect the liability for such rent and did not operate as a waiver of the landlord's right to forfeit the lease. *Riverside Development Company v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982); *Lucas Hunt Village Co. v. Klein,* 358 Mo. 1054, 218 S.W.2d 595 (1949); 51C C.J.S. Landlord and Tenant, § 117(4) (1968) 49 Am.Jur.2d Landlord and Tenant, § 1070 (1970); 109 A.L.R. 1267, 1268 (1937).

■ Sunshine contends the trial court erred in permitting TH to reopen its case to prove the assignment of the lease. We do not agree. The trial court has broad discretion to allow the plaintiff to reopen its case for the presentation of further evidence. *Heeter v. Moore Drug Company,* 104 Ariz. 41, 448 P.2d 391 (1968); *Platt v. Bagg,* 77 Ariz. 214, 269 P.2d 715 (1954) (plaintiff allowed to reopen after motion for a directed verdict).

Sunshine argues that the trial court erred in granting judgment in favor of TH because the lease gave Sunshine 10 days to cure the default and S & J did not allow 10 days. We do not agree. The section of the lease relied upon by Sunshine for this contention deals with late charges and not with curing of defaults. Section 13.1 of the lease which specifically covers defaults and the opportunity to cure gave Sunshine three days within which to cure its default. The lease is clear and unambiguous on this point.

■ Appellant also suggests that due to the prior acceptance of late payments of rent, TH had to reinstate the time of the essence clause before it could forfeit the lease. This argument is without merit. The default letter giving Sunshine three days to cure the default acted as a reinstatement of the time of the essence provision. Cf., *Cottonwood Plaza Associates v. Nordale,* 132 Ariz. 228, 644 P.2d 1314 (App. 1982).

Section 10.1 of the lease states, "... If Lessee shall fail to pay any such taxes, Lessor shall have the right to pay the same, in which case Lessee shall repay such amount to Lessor with Lessee's next rent installment together with interest at the maximum rate than allowable by law." Sunshine contends that under the foregoing provision, TH was obligated to pay the taxes and could not forfeit the lease for its failure to pay them. We do not agree. The lease does not require that TH pay the taxes but gives TH the option to pay them.

■ A.R.S. § 12–1178(A) states that if the defendant is found guilty of forcible entry and detainer the court shall give judgment for the plaintiff for, inter alia, all "rent" found to be due and unpaid at the date of judgment. Sunshine contends that the real estate taxes, which the court included in the judgment, were not rent and that the court did not have jurisdiction to enter a judgment for such sums in a forcible entry and detainer action. We agree. In a forcible entry and detainer action, a court may not award damages other than those specifically provided by statute. *Gangadean v. Erickson,* 17 Ariz.App. 131, 495 P.2d 1338 (1972). The parties' lease agreement did not designate the sales taxes to be part of the rent. Cf., *Alton v. Tower Capital Company, Inc.,* 123 Ariz. 602, 601 P.2d 602 (1979). The real estate taxes payable under the lease were not payable to the landlord as part of the rent but were payable directly to the taxing authority. A.R.S. § 12–1178 does not give the court jurisdiction to award a judgment for the real estate taxes.

■ Since Sunshine has succeeded in this appeal in reducing the amount of the judgment, TH is not the prevailing or successful party and is not entitled to attorney's fees under its lease or A.R.S. § 12–341.-01(A). Cf. *Business Financial Services, Inc. v. AGN Development Corporation,* 143 Ariz. 603, 694 P.2d 1217 (App.1985); *Sanitary Farm Dairies, Inc. v. Wolf,* 261 Minn. 166, 112 N.W.2d 42 (1961). It would be anomalous to award appellee its attorney's fees in the face of A.R.S. § 12–342 which mandates the award of costs to the

appellant by virtue of the reduction of the judgment.[1]

The judgment is modified by reducing the amount of the judgment to the sum of $3,142.50 and the judgment is affirmed as modified.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

---

1. Appellant has not requested attorney's fees on appeal. Thus, each party shall bear its own attorney's fees.