SUPREME COURT OF ARIZONA
IN DIVISION

| | |
|---|---|
| DAVID CLYDE PETERSEN and STACI BURK, | ) Arizona Supreme Court<br>) No.  CV-10-0278-AP/EL<br>) |
| Plaintiffs/Appellees, | ) Maricopa County<br>) Superior Court |
| v. | ) No.  CV2010-023871<br>) |
| HELEN PURCELL, Maricopa County Recorder, DON COVEY, Superintendent of Schools for Maricopa County, MEMBERS OF THE MARICOPA COUNTY BOARD OF SUPERVISORS, ADELAIDA SEVERSON, an Individual, | )<br>)<br>) **MEMORANDUM DECISION**<br>) (Not for publication -<br>)  Ariz. R. Sup. Ct. 111)<br>)<br>) |
| Defendants/Appellants. | )<br>) |

Appeal from the Superior Court in Maricopa County
The Honorable John Christian Rea, Judge

**AFFIRM**
_____

LAW OFFICES OF ANDREW C. PACHECO, P.L.C.                    Phoenix
      By    Andrew C. Pacheco

and

THE LAW OFFICE OF JOANN FALGOUT, P.L.C.                      Tempe
      By    JoAnn Falgout
Attorneys for David Clyde Petersen and Staci Burke

MARICOPA COUNTY OFFICE OF GENERAL LITIGATION SERVICES     Phoenix
      By    M. Colleen Connor, Assistant General Counsel
            Karen J. Hartman-Tellez, Assistant
            General Counsel
Attorneys for Helen Purcell, Don Covey, and
Maricopa County Board of Supervisors

FIDELIS V. GARCIA                                            Tempe
      By    Fidelis V. Garcia
Attorney for Adelaida Severson
_____

**B E R C H**, Chief Justice

¶1      Adelaida Severson appealed the judgment of the Maricopa County Superior Court enjoining the Maricopa County Board of Supervisors from certifying Severson as a candidate for the Governing Board of Gilbert Unified School District #41.  We affirmed that judgment on September 9, 2010, and now explain the basis for our decision.

¶2      Severson first argued that the trial court erred by allowing the joinder of Staci Burk as a plaintiff.  Severson eventually agreed to Burk's joinder so long as it did not expand the issues in the case, and the court granted the motion on that condition.  We find no abuse of discretion in the trial court's ruling.  *See State* ex rel. *Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 384 ¶ 5, 998 P.2d 1055, 1057 (2000) (reviewing intervention claim for abuse of discretion).

¶3      Severson next argued that the trial court erred by denying her motion for a judgment as a matter of law (JMOL) after David Petersen failed to prove his status as an elector during his case-in-chief.  Only an "elector" may challenge the nomination of a candidate.  *See* Ariz. Rev. Stat. ("A.R.S.") § 16-351(A) (2006); *see also* A.R.S. § 16-121 (2006) (defining "elector").

¶4      The purpose of a motion for JMOL is to "give[] the court and the nonmoving party notice of any deficiencies in the

nonmoving party's case at a time when such deficiencies can still be corrected." *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004). *See generally Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971) (noting that Arizona courts "give great weight to the federal interpretations of the rules") (citations omitted). After the trial court denied Severson's motion, Petersen testified in his rebuttal that he was an elector. The trial court did not err in permitting Petersen to cure any defect in his case by presenting evidence of his status as an elector. *See Platt v. Bagg*, 77 Ariz. 214, 217, 269 P.2d 715, 716-17 (1954) (finding no abuse of discretion in permitting a party who has rested to reopen his case to cure an evidentiary deficiency).

¶5        Severson next argued that the trial court erred by "advising" Petersen and Burk to reopen their case to prove their status as electors. The transcript does not show that this is what occurred. Rather, the trial court explained that it denied Severson's motion for a JMOL because the challengers could reopen their case to present any missing proof. The trial court had "broad discretion" regarding whether the challengers could present more evidence on this matter. *Id.* at 217, 269 P.2d at 717. In fact, Petersen and Burk did not reopen their case to prove their status as electors, but instead presented proof of that status during rebuttal.

¶6     Finally, Severson argued that the trial court erred by denying her motion to dismiss the case because Petersen's complaint failed to name individual members of the Board of Supervisors as defendants. The law requires that the Board of Supervisors be named as a defendant in election contests. A.R.S. § 16-351(C)(3); *Mandraes v. Hungerford,* 127 Ariz. 585, 587, 623 P.2d 15, 17 (1981). But even assuming that the statute requires that individual supervisors be named as defendants, the Board (and not the candidate) was the proper party to challenge the complaint on this ground. In this case, the Board of Supervisors had notice and appeared at the hearing and did not object. In any event, after the hearing, Petersen joined the individual supervisors as parties.

¶7     For the foregoing reasons, we affirm the judgment of the trial court.

_____
REBECCA WHITE BERCH, Chief Justice


CONCUR:


_____
ANDREW D. HURWITZ, Vice Chief Justice


_____
A. JOHN PELANDER, Justice