IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

MUNGER CHADWICK, P.L.C., AN ARIZONA PROFESSIONAL
LIMITED LIABILITY COMPANY,
*Plaintiff/Appellee,*

*v.*

FARWEST DEVELOPMENT AND CONSTRUCTION OF THE SOUTHWEST,
LLC, AN ARIZONA LIMITED LIABILITY COMPANY;
FARWEST PUMP COMPANY, AN ARIZONA CORPORATION;
AND CLARK P. VAUGHT AND CHANNA R. CREWS-VAUGHT,
HUSBAND AND WIFE,
*Defendants/Appellants.*

No. 2 CA-CV 2013-0113
Filed May 7, 2014

_____

Appeal from the Superior Court in Pima County
No. C20120575
The Honorable Ted B. Borek, Judge

**AFFIRMED IN PART; VACATED IN PART**

_____

COUNSEL

Munger Chadwick, P.L.C., Tucson
By John F. Munger and Thomas A. Denker
*Counsel for Plaintiff/Appellee*

Monroe McDonough Goldschmidt & Molla, P.L.L.C., Tucson
By Karl MacOmber
*Counsel for Defendants/Appellants*

## OPINION

Judge Eckerstrom authored the opinion of the Court, in which Judge Espinosa and Judge Olson[1] concurred.

E C K E R S T R O M, Judge:

**¶1**        Appellants Farwest Development and Construction of the Southwest, LLC, Farwest Pump Company, and Clark P. Vaught and Channa R. Crews-Vaught (collectively "Farwest") appeal from the trial court's grant of attorney fees in favor of appellee Munger Chadwick, P.L.C.  For the following reasons, we vacate that portion of the judgment.

### Factual and Procedural Background

**¶2**        Munger Chadwick filed an action against Farwest claiming breach of contract and unjust enrichment.  After a jury trial, a verdict was returned in Munger Chadwick's favor on both counts. Munger Chadwick then sought an award of attorney fees pursuant to A.R.S. § 12-341.01(A).  Farwest objected, claiming Munger Chadwick had represented itself and was therefore ineligible for an award of fees.  The trial court awarded attorney fees over Farwest's objection.  Farwest filed a motion for new trial, again claiming the award was improper, which the court denied.  This appeal followed.

### Jurisdiction

**¶3**        At the outset, Munger Chadwick challenges this court's jurisdiction, claiming Farwest's motion for new trial was merely an improperly labeled motion for reconsideration that did not extend the time for appeal, therefore rendering Farwest's notice of appeal untimely.  The initial judgment in this case was entered on May 1, 2013.  Farwest's motion was filed on May 3, 2013.  The final

---

[1]The Hon. Robert Carter Olson, a retired judge of the Arizona Superior Court, is called back to active duty to serve on this case pursuant to orders of this court and the supreme court.

judgment was filed on July 23, 2013, and Farwest's notice of appeal was filed on July 30, 2013. Therefore, if Farwest's motion was a proper motion for new trial that extended the time for appeal pursuant to Rule 9(b)(4), Ariz. R. Civ. App. P.,[2] the time for appeal began to run on July 23 and Farwest's notice of appeal was timely. *See* Ariz. R. Civ. App. P. 9(a).

**¶4** Munger Chadwick is correct that "[w]e will look to the substance and not the form" in determining what type of motion has been made, *Ray Korte Chevrolet v. Simmons*, 117 Ariz. 202, 204, 571 P.2d 699, 701 (App. 1977), and that a motion for reconsideration does not extend the time for an appeal to be taken. Ariz. R. Civ. P. 7.1(e); *see* Ariz. R. Civ. App. P. 9(b) (listing motions that extend time for appeal and omitting motion for reconsideration); *James v. State*, 215 Ariz. 182, ¶ 12 & n.6, 158 P.3d 905, 908 & n.6 (App. 2007) (motions not enumerated under former Rule 73(b), now Rule 9, Ariz. R. Civ. App. P., do not extend time for appeal). However, a motion may be treated as a time-extending motion for new trial, whatever it is labeled, if it "refer[s] to rule 59 as authority for the motion and set[s] forth as grounds for the motion those grounds found in rule 59." *Farmers Ins. Co. of Ariz. v. Vagnozzi*, 132 Ariz. 219, 221, 644 P.2d 1305, 1307 (1982). Farwest's motion refers to the rule and argues that the decision to award attorney fees is "contrary to law." Ariz. R. Civ. P. 59(a)(8). Furthermore, this court has approved of motions for new trial as a means to challenge an award of attorney fees. *PNL Credit L.P. v. Sw. Pac. Invs., Inc.*, 179 Ariz. 259, 263, 877 P.2d 832, 836 (App. 1994). Accordingly, Farwest's motion for new trial extended the time for appeal under Rule 9(b) and its notice of appeal was timely filed. This court therefore has jurisdiction to hear the case pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

---

[2]We cite the version of the rule in effect at the time. *See* 214 Ariz. XLIV (2006).

**Attorney Fees**

**¶5**   In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees.[3] *Lisa v. Strom*, 183 Ariz. 415, 419-20, 904 P.2d 1239, 1243-44 (App. 1995); *Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362, 742 P.2d 858, 863 (App. 1987); *Connor v. Cal-AZ Props., Inc.*, 137 Ariz. 53, 56, 668 P.2d 896, 899 (App. 1983). Farwest contends that, under this rule, Munger Chadwick was not eligible for an award of fees because it represented itself. We review this question of law de novo. *See Saenz v. State Fund Workers' Comp. Ins.*, 189 Ariz. 471, 475, 943 P.2d 831, 835 (App. 1997).

**¶6**   The trial court relied on *Hunt* in determining that attorney fees were awardable in this case. It specifically noted that "Munger Chadwick as a PLC could not represent itself," drawing on the reasoning of the *Hunt* case, in which this court found that an attorney who was a partner in an investment partnership was eligible for an award of fees arising from his representation of the partnership, in part because the partnership could not represent itself in court. 154 Ariz. at 362-63, 742 P.2d at 863-64.

---

[3]We note that a number of jurisdictions do not apply this rule where an attorney, as opposed to a lay person, represents him- or herself. *See, e.g.*, *Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173, 1181 (Alaska 1993); *Winer v. Jonal Corp.*, 545 P.2d 1094, 1096-97 (Mont. 1976); *Weaver v. Laub*, 574 P.2d 609, 613 (Okla. 1977); *Colby v. Gunson*, 238 P.3d 374, 376 (Or. 2010). But Munger Chadwick has not challenged the wisdom of this rule generally, only its application to the facts of this case. Furthermore, although our supreme court has not squarely addressed recovery of attorney fees for pro se attorney litigants, it has stated that "one who acts only for himself in legal matters is not . . . practicing law." *State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 190, 124 P.2d 768, 772 (1942). To the extent this statement supports upholding the rule forbidding awards of attorney fees to all pro se litigants, this court "is bound by decisions of the Arizona Supreme Court and ha[s] no authority to overrule, modify, or disregard them." *City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App. 1993).

¶7 However, the more properly stated rule is that a partnership, or a corporation, may not be represented by someone who is not authorized to practice law. *See Ramada Inns, Inc. v. Lane & Bird Adver., Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967); *Anamax Mining Co. v. Ariz. Dep't of Econ. Sec.*, 147 Ariz. 482, 485, 711 P.2d 621, 624 (App. 1985). When stated this way, it becomes obvious that a law firm is not barred from representing itself.

¶8 If, as Munger Chadwick asserts, it is not authorized to represent itself because a corporation or other legal entity must be represented by a natural person, the logical conclusion is that Munger Chadwick is not authorized to represent *any* corporation. But that conclusion would be contrary to the common practice of clients hiring law firms for legal representation. Indeed, our supreme court states that "[a]ny person *or entity* engaged in the practice of law . . . in this state" is subject to its jurisdiction. Ariz. R. Sup. Ct. 31(a)(1) (emphasis added). It likewise defines the unauthorized practice of law as "engaging in the practice of law by persons *or entities* not authorized to practice." Ariz. R. Sup. Ct. 31(a)(2)(B)(1) (emphasis added). If the Arizona Supreme Court intended to allow only natural persons to practice law, the inclusion of the phrase "or entities" would be rendered meaningless. *See Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) (court rules must be interpreted "to avoid rendering anything superfluous, void, contradictory, or insignificant").

¶9 The rules governing attorney conduct also contemplate law firms representing clients. *See, e.g.*, ER 1.10, Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42 (governing when law firm is barred from representing client based on conflict of single lawyer). When a client retains a lawyer affiliated with a law firm, the firm normally "assumes the authority and responsibility of representing that client." Restatement (Third) of the Law Governing Lawyers § 14 cmt. h (2000); *see also In re Kiley*, 947 N.E.2d 1, 5-6 (Mass. 2011) (law firm had continued responsibility to represent client even though attorney primarily responsible for case had ceased practice of law); *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 393 A.2d 1175, 1184-85 (Pa. 1978) (law firm was entitled to injunction preventing former associates from interfering with contractual relationships between

firm and its clients). Because Munger Chadwick is a law firm authorized to practice law, it is capable of self-representation.

¶10 Farwest points to several cases from other jurisdictions in which a law firm representing itself was barred from receiving attorney fees under the rule that pro se litigants may not receive such fees. *See, e.g., Trope v. Katz*, 902 P.2d 259, 262, 272 (Cal. 1995); *Swanson & Setzke, Chtd. v. Henning*, 774 P.2d 909, 909, 913 (Idaho Ct. App. 1989); *Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1374-75 (Utah 1996). Munger Chadwick has not cited, and this court has not found, any cases from those jurisdictions that forbid pro se attorney litigants from recovering fees that exempt law firms from the scope of this rule. *Cf. Hall v. Laroya*, 238 P.3d 714, 718 (Haw. Ct. App. 2010) (finding "no relevant distinction" between plaintiff representing self and law firm doing same). We likewise can find no logical reason to draw any distinction between a law firm that represents itself and a sole practitioner that does so.

¶11 Munger Chadwick asserts that the members of the firm who presented this case, Munger and Denker, "worked on this case . . . in their own free time, in addition to and on top of their obligation to Munger Chadwick, P.L.C., to work on assigned cases." However, a pro se attorney who works in her spare time on a case representing herself, separate and apart from her obligations to other clients, is nonetheless not entitled to an award of attorney fees. *Connor*, 137 Ariz. at 56, 668 P.2d at 899.

¶12 In applying the rule, our courts have expressed a core concern that all parties to litigation be treated equally in their ability to secure compensation for attorney fees. *See id.* at 55-56, 668 P.2d at 898-99. This court has specifically reasoned that an attorney ought not be entitled to compensation for her time in representing herself when a lay person would not be able to do so. *Id.* at 56, 668 P.2d at 899. We likewise conclude it would be inequitable for a law firm to be able to obtain its fees through an arrangement that amounts to self-representation when a sole practitioner would be unable to do so. And, as we have previously observed,

> To grant fees to parties appearing *pro se*
> will . . . create incentives to protract and

> delay litigation. It may well foster litigation over specious claims and in many cases the prospect of a fee award could well be the principal motivating factor behind a lawsuit. In particular, the leverage which would be granted to attorneys appearing on their own behalf could easily become oppressive where the opposition is forced to incur legal expenses.

*Id.* None of these concerns are mitigated by allowing a law firm to "hire" its own attorneys as if they were outside counsel.[4]

**¶13** Although we do not here address the wisdom of the rule denying attorney fees to those attorneys who devote their time and expertise to representing themselves, Munger Chadwick has provided no reason that rule should be applied only to sole practitioners and not to law firms. Accordingly, we conclude that the rule forbidding an award of attorney fees when a party represents itself does apply to law firms, and that Munger Chadwick was therefore ineligible for an award of its fees. Accordingly, we vacate the trial court's award of attorney fees to Munger Chadwick.[5]

### Attorney Fees on Appeal

**¶14** Both Farwest and Munger Chadwick have requested their attorney fees on appeal. Contrary to Farwest's assertion, an award of fees under A.R.S. § 12-341.01 is discretionary; it is not an entitlement, *see Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). Farwest has not explained why fees

---

[4]We do not suggest any such improper motivations on the part of Munger Chadwick in the case before us. To the contrary, Munger Chadwick prevailed on the merits of its claim before the trial court.

[5]Because we conclude Munger Chadwick was ineligible for any award of attorney fees, we need not reach Farwest's claim that Munger Chadwick was ineligible for attorney fees under the unjust enrichment claim.

should be awarded, particularly given the background of this case in the trial court.  And Munger Chadwick is not the "successful party." § 12-341.01(A); *see T.H. Props. v. Sunshine Auto Rental, Inc.*, 151 Ariz. 444, 446, 728 P.2d 663, 665 (App. 1986).  Accordingly, in our discretion, we deny both requests.

**Disposition**

¶15        For the foregoing reasons, we vacate the trial court's award of attorney fees to Munger Chadwick but otherwise affirm the judgment.  Both parties' requests for attorney fees on appeal are denied.