NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN C. ROBINSON, *Petitioner/Appellee*,

*v.*

LISSETTE E. ROBINSON, *Respondent/Appellant*.

No. 1 CA-CV 20-0422 FC
FILED 2-17-2022

Appeal from the Superior Court in Maricopa County
No. FC2013-070801
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

John C. Robinson, Mesa
*Petitioner/Appellee*

Lissette E. Robinson, Buckeye
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1 Lissette Robinson ("Mother") appeals the superior court's order modifying legal decision-making authority, parenting time, and child support. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2015, Mother and John Robinson ("Father") were divorced by decree, wherein orders concerning, among other things, legal decision-making, parenting time, and child support as to the parties' two minor children were entered.

¶3 In 2020, the parties filed competing petitions to modify legal decision-making, parenting time, and child support. After a July trial, the superior court awarded Father sole legal decision-making authority, granted Mother supervised parenting time every other Saturday, appointed a pro bono therapeutic interventionist to assist Mother in developing "a more healthy and safe relationship" with her children, and ordered Mother to pay Father $878 per month in child support beginning August 1, 2020.

¶4 Thereafter, Mother unsuccessfully moved to strike a court-appointed advisor ("CAA") report, which had been admitted as an exhibit. Mother also moved for the court's reconsideration of its July 2020 modification order because Mother believed the CAA to be biased against her and the court sealed the CAA report without allowing the parties to review it at trial, which she argued violated her due process rights. The court rejected Mother's claim of bias regarding the CAA, given Mother had previously made such a claim and the CAA was otherwise qualified, had done "extensive work in this case," and "nothing in her work suggest[ed] she [wa]s biased against Mother." However, the court reconsidered its position as to the CAA report, ordering the CAA to provide the parties a copy of the report ahead of an October evidentiary hearing in which Mother could rebut the report and the court could reconsider its modification order.

The court further noted that it took the "unusual step" to seal the report and prohibit the parties from seeing it because:

> [I]t believed based on the contents of the report and evidence from previous hearings that doing so was in the children's best interest in light of Mother's demonstrated pattern of emotional abuse towards the children. This emotional abuse has occurred specifically because of things Mother has learned that the children have said in prior interviews, to school counsellors and to teachers. While the Court continues to believe allowing Mother to see this report is not in the children's best interest, the Court must also consider Mother's constitutional due process rights. Therefore, out of an abundance of caution, the Court has reconsidered its decision to prevent the parties from seeing this report.

**¶5** Following the October evidentiary hearing, the court affirmed its July 2020 modification order. Mother timely appealed the July and October orders, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

**¶6** Mother challenges the court's order modifying legal decision-making, parenting time, and child support on various grounds, which we review for an abuse of discretion. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶¶ 16–17 (App. 2015) (involving legal decision-making and parenting time); *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6 (App. 2010) (involving child support).[1] The court abuses its discretion when it commits an error of law or when the record "is devoid of competent evidence to support the court's decision." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019) (citations omitted). However, we review questions of law de novo. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014). We will not disturb the court's factual findings unless they are clearly erroneous. *Strait*, 223 Ariz. at 502, ¶ 6. "A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Dep't of Revenue of State of Ariz.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003). Nor will we reweigh the evidence

---

[1] Mother did not, at any point, contest the court's implicit finding of the existence of a material change in circumstances affecting her children's welfare. *Vincent*, 238 Ariz. at 155, ¶¶ 16–17; *see also Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). Therefore, we need not address that threshold issue.

on appeal, but rather defer to the court's determinations of witness credibility and the weight given to conflicting evidence. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

## I.     Legal Decision-Making Authority & Parenting-Time Issues

**¶7**       As an initial matter, Mother's argument that the court was without jurisdiction to set an evidentiary hearing on her motion for reconsideration is without merit. We revested jurisdiction in the superior court to rule on her motion for reconsideration. Having done so, the court acted within its jurisdiction to decide that matter.

**¶8**       Mother argues the court erred in restricting Mother's parenting time because it afforded "to[o] much weight" to the CAA report, especially given the CAA's alleged bias against her.[2] As noted, we will not reweigh the evidence on appeal, *see Lehn*, 246 Ariz. at 284, ¶ 20, and the record supports the imposition of supervised parenting time. Following interviews with the children, the CAA reported that the eldest child resorted to self-harm and experienced suicidal thoughts based upon pressure and blame Mother put on her for the litigation between the parties and Mother's financial troubles related to payment of child support. In the same report, the younger child echoed Mother's emotional abuse, where she would yell hurtful, "mean" things to the children and place blame on the children for court outcomes with which she was displeased. Both children expressed their desire to spend more time with Father but were "afraid" of how Mother would respond. Ultimately, the court found unsupervised parenting time infeasible, given Mother's "problematic" influence in the children's lives. Such a finding is supported by the record, and we conclude the court did not abuse its discretion.

**¶9**       Mother's additional argument that the court abused its discretion in sealing the CAA report and prohibiting the parties from viewing it at the July 2020 trial is moot. The court recognized the constitutional implications of its decision, ordering the parties be provided a copy of the report such that its contents could be rebutted at the October evidentiary hearing on Mother's motion for reconsideration. *See supra* ¶ 4. Mother testified at the hearing as to the report and acknowledges receipt of

---

[2]       On May 18, 2020, the court set a trial on the parties' competing petitions for modification and filed an order regarding the same on May 27, 2020. Therefore, Mother's July 15, 2020 notice of strict compliance with the Arizona Rules of Evidence was untimely, and consideration of the CAA report was permissible. *See* Ariz. R. Fam. Law P. ("ARFLP") 2(a)–(b).

the report on appeal. Thus, while ultimately affirming its modification order, we find no abuse of discretion.

¶10 For the first time on appeal, Mother mentions in passing that pursuant to A.R.S. § 25-411(J), the court was required to find "that [] parenting time would endanger seriously the child[ren]'s physical, mental, moral or emotional health" before restricting Mother's parenting time. Mother says no more on this topic and does not otherwise develop her position. Such late-arriving and underdeveloped arguments are waived and we therefore decline to address Mother's argument further. *See Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 14 n.5 (App. 2007); *see also Resol. Tr. Corp. v. City of Scottsdale*, 177 Ariz. 234, 237 (App. 1993) ("Arizona appellate courts [] have discretion to entertain arguments first raised on appeal. The general rule disfavoring such arguments is not a jurisdictional requirement, but reflects considerations of the orderly administration of justice."); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.").

¶11 Mother also argues the court abused its discretion in awarding Father sole legal decision-making authority and greater parenting time because Mother alleged at the July 2020 trial he had committed an act of domestic violence. Such argument amounts to asking this court to reweigh the evidence, which we will not do. *Lehn*, 246 Ariz. at 284, ¶ 20. At trial, Mother testified Father trespassed on her property to serve her legal documents related to this matter. The court found this allegation did not rise "to the level of domestic violence" defined under A.R.S. § 25-403.03(D)—where Mother testified she was not assaulted by Father and did not come "face to face" with Father on that day. *See* A.R.S. § 25-403.03(D) (listing specific instances giving rise to domestic violence). The court considered the domestic violence factors enumerated in A.R.S. § 25-403.03(C) before arriving at its custody determinations. Therefore, we find no abuse of discretion.

¶12 Mother's further challenge of the court's denial of her motion for summary judgment, *see* ARFLP 79, is unavailing. Mother filed her summary judgment motion before the July 2020 trial but failed to comply with ARFLP 79(c)(3), which requires the moving party to set forth a separate statement of facts, listed in "concise, numbered sections," supporting a motion for summary judgment. Nevertheless, her motion solely argued modification in parenting time and legal decision making was warranted given Father had committed an act of domestic violence— as described above. Ultimately, the court considered and rejected this allegation following the July 2020 trial. Therefore, the court did not err in

denying her motion for summary judgment. *See Palmer v. Palmer*, 217 Ariz. 67, 69, ¶ 7 (App. 2007) (reviewing rulings on summary judgment motions de novo).

## II. Child Support

**¶13** Mother asserts the court attributed to Father an incorrect gross monthly income figure on the July 2020 child support worksheet, where he later testified at the hearing on Mother's motion for reconsideration that he "should be making $150,000" a year. We will affirm the court's findings regarding Father's income if they are supported by sufficient evidence and not clearly erroneous. *See Pearson v. Pearson*, 190 Ariz. 231, 235 (App. 1997).

**¶14** As Mother agrees, Father did not contend at the October 2020 hearing that he was in fact earning $150,000 a year. Rather, he testified if the parties had been able to work things out amongst each other, he should have been "making $150,000 a year." The court attributed and affirmed Father's gross monthly income of $2,623, relying on a self-employment income statement submitted into evidence at the July trial—specifically income earned by Father in February 2020. Review of the February 2020 portion of the income statement reveals a slightly higher gross monthly income figure but surrounding months demonstrate lower monthly income figures. Moreover, we cannot say the court abused its discretion in attributing the $2,623 figure to Father, where the transcripts provided on appeal for the July trial and October hearing contain only excerpts and do not contain discussion of Father's income, specifically his income statement. *See* ARCAP 11(c)(1)(B) (requiring an appellant who "contend[s] on appeal that a judgment, finding or conclusion[] is unsupported by the evidence or is contrary to the evidence . . . [to] include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion"); *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) ("We presume the items not included in the appellate record support a trial court's ruling.").

## III. Other Challenges

**¶15** Mother challenges the court's March 2020 order awarding temporary legal decision-making authority to Father. However, temporary orders are not appealable, and thus we will not review it. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017).

**¶16** Further, Mother untimely contests a July 2018 court order that resolved all issues raised by Father in his 2018 petition to modify legal

decision making, parenting time, and child support, and Mother does not list the July 2018 order as a point of contention in any of her notices of appeal. Therefore, we lack jurisdiction to review it. *See Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982) (explaining appellate court "acquires no jurisdiction to review matters not in [a] notice of appeal"; absent "a timely notice of appeal following entry of the order sought to be appealed, we are without jurisdiction to determine the propriety of the order sought to be appealed"); ARCAP 9(a).

**¶17**  Lastly, Mother challenges the court's denial of her request for a change of judge filed pursuant to ARFLP 6.1, which is not substantively appealable. *See Taliaferro v. Taliaferro,* 186 Ariz. 221, 221–23 (1996) ("[R]ulings by noticed judges on the propriety of the notice are reviewable only by way of special action relief."). Even if it was, Mother alleged bias on the part of the court because, as reflected in the court's 2018 modification order, it seemingly disapproved of her use of corporal punishment. But as the court aptly explained here:

> Judges are routinely faced with determining what to do with behaviors that are contrary to a child's best interests and that often leads to a ruling against the offending party. Yet that does not render that judge incapable of fairly and impartially deciding future issues and certainly does not create a basis for claiming bias or prejudice.

**¶18**  The remainder of Mother's request largely sought a change of judge because the court "frequently ruled against mother and her motions," which Mother acknowledged is not, alone, a valid basis to grant a change of judge. As such, the court did not abuse its discretion in denying Mother's request for a change of judge. *See Coffee v. Ryan-Touhill*, 247 Ariz. 68, 72, ¶ 17 (App. 2019).

**CONCLUSION**

**¶19**  We affirm.

**¶20** Because Mother did not prevail on appeal, and because she filed her brief pro se, we deny her request for attorney's fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126–27, ¶ 5 (App. 2014) ("In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees."). As the successful party, Father is awarded his taxable costs incurred on appeal upon compliance within ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA