NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SAMANTHA LEIGH ROSENBERG, *Petitioner/Appellant*,

*v.*

JAYSON ROBERT CONZONER, *Respondent/Appellee*.

No. 1 CA-CV 23-0321 FC
FILED 06-27-2024

Appeal from the Superior Court in Maricopa County
No. FC2006-053796
No. FC2008-005445
The Honorable Andrew J. Russell, Judge

**VACATED IN PART, AFFIRMED IN PART, REMANDED**

COUNSEL

Samantha Leigh Rosenberg, Ladysmith, VA
*Petitioner/Appellant*

The Valley Law Group PLLC, Phoenix
By Cory B. Keith
*Counsel for Respondent*

<hr>

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

<hr>

**F U R U Y A**, Judge:

**¶1**        Appellant Samantha Leigh Rosenberg ("Mother") challenges the superior court's denial of her petition to modify legal decision-making authority on due process grounds. We vacate and remand without addressing her due process arguments because the superior court did not explain the deficiencies in her petition and give her an opportunity to correct them as required by Arizona Rule of Family Law Procedure ("Rule") 91(i)(1).

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        The parties' marriage was dissolved by consent decree in 2009. They have one minor child. The child lives with Father, who has sole legal decision-making authority. Mother, who lives in Virginia, had long-distance parenting time over school breaks.

**¶3**        In August 2019, Father petitioned to modify parenting time and child support, alleging Mother had been "verbally and emotionally abusive" to the child "nearly every day" during a six-week stay in Virginia. Following trial, the superior court granted Father's petition and entered new orders limiting Mother to supervised parenting time in Arizona. Mother appealed. We vacated those parenting time orders and remanded because the superior court did not make written findings on the Arizona Revised Statute ("A.R.S.") § 25-403 best-interests factors. *Rosenberg v. Conzoner*, 1 CA-CV 20-0514 FC, 2022 WL 53407, at *1 ¶ 1 (Ariz. App. Jan. 6, 2022) (mem. decision). We expressed no opinion on the orders themselves:

> Our ruling suggests neither whether the superior court should hold a new evidentiary hearing nor what findings the superior court should make on remand. We require only the superior court make the statutorily-required findings based upon record evidence. We defer to the superior court to address parenting time orders for the parents until it does so.

*Id*. at *3 ¶ 15.

**¶4** The superior court set an additional evidentiary hearing on Father's petition. That hearing was postponed to February 23, 2023. The day before the hearing, Mother filed a motion for post-decree temporary orders without notice and a petition to modify legal decision-making authority. She alleged she had received an "alarming communication from a family friend looking at the minor child's social media accounts" a few days earlier indicating that the child's accounts "include[d] inappropriate sexual content." On that basis, she requested sole legal decision-making authority.

**¶5** After the hearing on Father's petition, the court denied Mother's temporary orders motion without explanation. Approximately one month later, it denied her petition to modify, again without explanation. It then issued new orders in which it reaffirmed Father's sole legal decision-making authority and reduced Mother's supervised parenting time (the "April 2023 Orders").

**¶6** Mother filed two notices of appeal, one challenging the April 2023 Orders and one challenging the denial of her petition to modify. We dismissed the first as untimely and stayed the second to allow her to obtain a final order denying her petition to modify. Mother did so and moved for reconsideration in this court, contending she timely filed her notice of appeal challenging the April 2023 Orders.

**¶7** We revested jurisdiction in the superior court so that it could determine whether the April 2023 Orders notice of appeal was timely. The superior court determined it was, and we reinstated Mother's challenge to the April 2023 Orders. Mother also filed amended notices of appeal.

**¶8** We have jurisdiction over both appeals under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1). Thus, we need not address Mother's request that we accept special action jurisdiction.

## DISCUSSION

### I. The Superior Court Did Not Comply with Rule 91(i)(1) When It Denied Mother's Petition.

**¶9** Mother contends the superior court violated her due process rights when it denied her petition to modify without first conducting an

evidentiary hearing.[1] We do not address her due process arguments because the court did not comply with Rule 91(i)(1) when it denied her petition.

**¶10** Upon receipt of a petition to modify, the superior court must review it and either (1) reject it for failure to state grounds upon which relief can be granted or (2) issue an order to appear. Ariz. R. Fam. Law P. 91(i)(1). If the court rejects the petition, it "must provide the applicant with an explanation of the deficiency and provide an opportunity to correct the deficiency within 30 days after the date of the rejection notice." *Id*.

**¶11** Mother's petition was pending for more than thirty days before the superior court denied it, but the denial order did not explain any deficiencies or give Mother an opportunity to correct any such deficiencies. And while the parties participated in an evidentiary hearing the day after Mother filed her petition, the minute entry from that hearing does not mention her petition and no transcripts were provided. Approximately three months later, the court stated that it denied Mother's petition because it "did not meet the requirements for modification under A.R.S. § 25-411(A)." But it did not explain any specific deficiencies or give Mother an opportunity to correct them. We therefore vacate the order denying Mother's petition to modify.

## II. Mother Raises No Challenges to the April 2023 Orders.

**¶12** Mother does not challenge the April 2023 Orders in her opening brief. It appears she intends to raise her arguments in a separate appeal, stating that she filed "two Notices of Appeal . . . for two separate actions" and that her "other Notice of Appeal has not been assigned a [case] number."

---

[1] Father did not file an answering brief. Where debatable issues exist, the failure to file an answering brief can constitute a confession of error. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014). But we do not apply confession of error if a child's best interests are at issue, as they are in this case. *See Hays v. Gama*, 205 Ariz. 99, 102 ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations.") (citing *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966)); *see also Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1 ¶ 5 (Ariz. App. March 26, 2024) (mem. decision) (Morse, J., specially concurring). We therefore consider the merits of Mother's appeal.

¶13 We reinstated Mother's challenges to the superior court's "ruling on [Father's] petition for modification of legal decision-making authority, parenting time, and child support" as part of this appeal when we granted her motion for reconsideration. Notwithstanding this clarification of the scope of this appeal as inclusive of the April 2023 Orders, Mother failed to make any arguments regarding them, and therefore has waived any challenges to the April 2023 Orders. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180 ¶ 17 (App. 2004) ("Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded.").

**CONCLUSION**

¶14 We vacate the order denying Mother's petition to modify and remand for further proceedings. We express no opinion on the merits of that petition. We affirm the April 2023 Orders.

¶15 Mother requests attorneys' fees and costs incurred in this appeal. She cannot recover attorneys' fees because she is representing herself. *See Munger Chadwick, P.L.C. v. Farwest Dev. and Constr. of the Sw., LLC*, 235 Ariz. 125, 126 ¶ 5 (App. 2014). She may, however, recover taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV