NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARK EDWARD TANG, *Petitioner/Appellant*,

*v.*

JANET RACHELLE HANEY-TANG, *Respondent/Appellee*.

No. 1 CA-CV 24-0473 FC

FILED 03-04-2025

Appeal from the Superior Court in Maricopa County
No. FC2015-004952
The Honorable Max Covil, Judge

**AFFIRMED**

COUNSEL

Mark Edward Tang, Glendale
*Petitioner/Appellant*

Janet Rachelle Haney-Tang, Phoenix
*Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

**B A I L E Y**, Judge:

**¶1**        Mark Tang appeals the superior court's denial of his petition to enforce Arizona's criminal perjury statute against his ex-wife, Janet Haney.  Tang has failed to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 in his opening brief and therefore has waived any legal issues he wishes to present for review.[1]

## FACTS AND PROCEDURAL HISTORY

**¶2**        Tang and Haney obtained a consent decree of dissolution of marriage in June 2016.  Following their divorce, the parties engaged in considerable post-decree litigation.  In April 2024, Tang petitioned to enforce Arizona's criminal perjury statute, Arizona Revised Statutes ("A.R.S.") section 13-2702, against Haney.  The superior court denied Tang's petition.

**¶3**        Tang timely appealed the superior court's judgment denying his petition to enforce.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**        "[A]ny party aggrieved by a judgment may appeal as provided under Arizona law and ARCAP . . . ." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (citation omitted).  But parties must follow the rules that the supreme court has adopted to bring an appeal.  *Id.* (citing ARCAP 1-31).  "An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'"  *Id.* (quoting *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013)).  Although we prefer to decide cases on the merits rather than dismiss on procedural grounds, "there is a limit to which judicial leniency can be stretched." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).  In Arizona, courts hold unrepresented litigants to the same standards as attorneys and do not afford them special leniency.  *Ramos*, 252 Ariz. at 522, ¶ 8 (citing *Flynn v. Campbell*, 243 Ariz. 76, 83-84, ¶ 24 (2017)).

**¶5**        ARCAP 13(a) explains what a party's opening brief must contain:  a "statement of the case," containing appropriate references to the record; a "statement of facts" relevant to the issues presented for review, with appropriate references to the record; and the issues presented for

---

[1] Appellee, Janet Haney, has also violated ARCAP 13 by failing to make a single citation to the record in her answering brief.

review.  ARCAP 13(a)(4)-(6).  The opening brief must also contain an "argument" section that provides the appellant's contentions and supporting reasoning concerning each issue presented for review and must provide citations to legal authorities and appropriate references to the portions of the record that the appellant relies on.  ARCAP 13(a)(7)(A).

**¶6**　　　　Tang's brief doesn't contain these things.  He has therefore waived any issues he intended to submit for our review.  *See In re Aubuchon*, 233 Ariz. at 64-65, ¶ 6.  Tang's statement of the case does not state "the nature of the case, the course of the proceedings, [or] the disposition in the court from which the appeal is taken."  ARCAP 13(a)(4).  Also, neither the statement of the case nor the statement of facts provides any appropriate references to the record or cites to the order from which Tang is appealing.  *See* ARCAP 13(a)(4)-(5).  Instead, Tang only cites to a 2020 petition filed by Haney and several record entries where Tang "petition[ed] to receive documents."

**¶7**　　　　Tang's argument section is also deficient.  *See* ARCAP 13(a)(7).  Although it has citations to legal authority and the record, none are relevant to determining whether the superior court erred by denying his petition to enforce.  Rather, the citations relate to several earlier orders entered by the superior court, none of which is properly before us on appeal.  Moreover, Tang provides no reasoning beyond general assertions of error or misconduct for any of his contentions.

**¶8**　　　　Haney requests her fees and costs on appeal.  She cannot recover attorneys' fees because she is representing herself.  *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014).  She may, however, recover her taxable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶9**　　　　We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　JR