NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

In the Matter of the Guardianship of:

AMANDA C. BAILEY, *An Adult*.

_____

THEODORE BAILEY, *Petitioner/Appellee*,

*and*

REBECCA BAILEY, et al., *Respondents/Appellees.*

*v.*

NANCY BAILEY, *Respondent/Appellant*.

No. 1 CA-CV 25-0512 PB

FILED 05-11-2026

_____

Appeal from the Superior Court in Maricopa County
No. PB2016-090709
The Honorable Janette Corral, Judge

**AFFIRMED**

_____

COUNSEL

Baumann, Doyle, Paytas & Bernstein, PLLC, Phoenix, AZ
By Michael J. Doyle
*Counsel for Petitioner/Appellee Amanda B.*

Duenas Eden Cravatta, PLC, Phoenix, AZ
By Amy Olthouse Duenas
*Counsel for Petitioner/Appellee Theodore Bailey*

Rebecca Bailey, Tecumseh, MI
*Respondent/Appellee*

Robin J. Bailey-Webb, Gladstone, MI
*Respondent/Appellee*

Raechel Bailey Kolb, Grand Junction, CO
*Respondent/Appellee*

Nancy Bailey, Goetzville, MI
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1     Nancy Bailey appeals a court order setting visitation terms with her sister, Amanda Bailey, an adult ward. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2     This appeal arises out of a family dispute between five siblings (Ted Bailey, Nancy Bailey, Raechel Bailey Kolb, Rebecca Bailey, and Robin Bailey-Webb) over visitation between Nancy and Amanda, an adult woman with Down Syndrome and the youngest sibling of the Bailey clan. Amanda lives in Arizona with Ted, who is her guardian. Nancy lives in Michigan.

¶3     In February 2024, Nancy petitioned in Arizona for visitation with Amanda. She requested Amanda spend summers in Michigan with her and be allowed to call Nancy whenever Amanda wants. Ted, Raechel, Robin, and Rebecca all opposed the petition. *See* A.R.S. § 14-5309.

**¶4** In May 2025, after an all-day hearing, the court ordered that telephone contact "remain the same," that Ted reasonably accommodate video visits with Nancy based on Amanda's wishes and schedule, and that Ted allow in-person visits with Nancy. The court also denied Nancy's request for summer visitation and Amanda's request, made through her attorney, for a Guardian ad Litem regarding supervised visitation with Nancy. Nancy timely appealed the order. The other Bailey siblings, including Amanda, each have filed answering briefs. We have jurisdiction. A.R.S. § 12-2101(A)(9).

## DISCUSSION

### I. Compliance with ARCAP 13

**¶5** Appellate briefs must meet certain requirements prescribed by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. Appellants must include a statement of the relevant facts and an argument explaining their contentions. ARCAP 13(a)(5), (7). The argument must contain "supporting reasons for each contention," "citations of legal authorities[,] and appropriate references to . . . the record." ARCAP 13(a)(7)(A). Appellants who fail to make a "bona fide and reasonably intelligent effort to comply with [ARCAP 13]" may waive issues on appeal. *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 9 (App. 2022). Arizona courts hold unrepresented litigants "to the same standards as attorneys and do not afford them special leniency." *Id.* at ¶ 8.

**¶6** Nancy's opening brief does not comply with ARCAP 13's requirements. Though she attempts to cite some legal authority, she fails to meaningfully explain how this authority supports her arguments. And her opening brief lacks any specific citations to the record. *See* ARCAP 13(d) (references to the record must be accompanied by a citation to the index, exhibit, or transcript page where the evidence appears). Beyond that, her table of citations does not comply with ARCAP 13(a)(2) and her statement of the case does not include a basis for this Court's jurisdiction. ARCAP 13(a)(4).

**¶7** While Nancy raises some arguments in her reply briefs, she has waived them by not raising them in her opening brief. *Ramos*, 252 Ariz. at 523, ¶ 11. What is more, Nancy has not provided the May 2025 hearing transcripts on appeal. So even if she had not waived her arguments, we would assume the record supported the court's order. *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8, n.1 (App. 2005) ("In the absence of a transcript, an

appellate court will presume that the record supports the trial court's rulings.").

**¶8**        Raechel and Rebecca also raise issues for our review, but their briefs are similarly deficient. *See* ARCAP 13(b)(1) (an answering brief "must follow the requirements of [ARCAP] 13(a), except that it does not need to include a statement of the case, a statement of facts, or a statement of the issues"). Their briefs omit tables of contents and citations, are unsupported by any legal authority, and do not contain specific references to the record. ARCAP 13(a)(1-2), (7).

**¶9**        Because Nancy, Raechel, and Rebecca have not made "bona fide and reasonably intelligent effort[s]" to comply with ARCAP 13, they have waived any appealable issues.

## II.        Attorney Fees

**¶10**        All that remains are the parties' requests for fees and sanctions. Ted requests his attorney fees under ARCAP 21. We deny his request because ARCAP 21 does not provide an independent basis for an award of attorney fees and Ted does not cite a statute, rule, or other substantive authority for his request. *See* ARCAP 21(a)(2). We decline Raechel's request for fees because she represents herself. *Munger Chadwick, P.L.C. v. Farwest Dev. & Const. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014) ("[P]arties who represent themselves in a legal action are not entitled to recover attorney fees."). We also decline Raechel's request for sanctions against Nancy.

**¶11**        We do not address Nancy's request for her court and travel expenses, along with compensation for pain and suffering, public humiliation, slander, and abuse, because she did not make the request in her opening brief. *See* ARCAP 21(a)(1).

**¶12**        We deem Ted, Rebecca, Raechel, Robin, and Amanda the successful parties. We award them their taxable costs on appeal under Arizona Revised Statutes Section 12-341 upon their compliance with ARCAP 21.

**CONCLUSION**

¶13       We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR