248 P.2d 995

In re WILMOT'S GUARDIANSHIP.
McGOWAN v. WILMOT.

No. 5575.

Supreme Court of Arizona.

Oct. 20, 1952.

McQuatters & Stevenson, of Flagstaff, for appellant.

No appearance for appellee.

UDALL, Chief Justice.

Virginia Elizabeth McGowan has appealed from an order dated April 14, 1951, dismissing her petition for letters of guardianship of her daughter, Juanita Elizabeth Wilmot, a minor.

The appellant and Dean Kirby Wilmot, appellee, contracted marriage in the state of Tennessee and the above-named minor was the sole issue of this marriage. Marital troubles having developed, the wife, on November 12, 1948, procured an uncontested divorce in the Circuit Court of Shelby County, Tennessee. The decree awarded the appellant the custody of said five-year-old minor, with the father being required to furnish support in the sum of $20 per month.

During the 29-month period between the divorce and the entry of the order herein appealed from, the parents carried on a bitter legal fight in the courts of both Tennessee and Arizona over the custody of their daughter. Both of the parties remarried in the interim. No property rights are involved. At the time of the hearing now in question appellee and his present wife maintained their residence in Memphis, Tennessee. The appellant, who was then pregnant, was living with the said minor, her husband and the first child of this, her second marriage, at Bridgeport, Yavapai county, Arizona.

It would serve no useful purpose to recite the various hearings had and the modifications and remodifications of the decree of the Tennessee court, nor of the several orders obtained in the superior court of Yavapai county, Arizona. Only let it be said that they resulted in the custody of the minor being shifted back and forth between the parents. In the various hearings the minor was usually present and the parties were either present in person or represented by counsel, hence neither party now challenges the jurisdiction of either court to enter its orders in the matter. Nor is there any conflict arising out of the exercise of this dual jurisdiction. Evidently the superior court of Yavapai county considered the Circuit Court of Tennessee, in the proceedings for modification of the divorce decree filed therein, was the proper tribunal for determining rights of the parties hereto as to the custody of said child.

At the opening of the hearing on petition for guardianship, counsel for appellant frankly stated:

"* * * The purpose of the proceedings is to have her (the mother) appointed guardian between now and the time she can get to Tennessee and

have this hearing. The child at this time is liable to be snatched away from her."

Opposing counsel, in moving to dismiss the petition, charged that the "purpose of this proceeding here is to avoid the effects of a proceeding which is now pending in the courts of Tennessee". Therefore, at the conclusion of the hearing, appellee asked that the court either (1) deny the appellant's petition, (2) appoint appellee guardian, or in the alternative make appropriate orders preserving the status quo and permitting the Tennessee court to determine the matter on its merits. The court pursued the latter course and this appeal followed. The appellee has not aided us as his counsel have made no appearance in this court.

Specifically, but three related questions are raised under appellant's four assignments of error: first, is there competent evidence to support the court's finding "that the home and business surroundings (of appellant and her husband) are not conducive to the welfare and proper raising of said child"? This finding undoubtedly formed the basis for the court's action in dismissing her petition. Second, is there competent evidence to support the finding that "said minor child is in need of the care and protection of this court"?; and third, did the court err in making the child a ward of the court to insure that the minor would be returned to the jurisdiction of the Tennessee court?

In dismissing the petition and counter-petition for letters of guardianship, it is to be noted that the court did not specifically find that the mother was not a fit and proper person to have such custody. In fact, as a. part of its order making the child a ward of the court the mother was given temporary custody subject to the supervision of the juvenile officer, and she was directed to see that the minor child was returned to Memphis on or before July 15, 1951. However the court did find that appellant had perjured herself in previous hearings, and that the home and surroundings where the child was then domiciled were not conducive to her future welfare and proper rearing. The appellant's husband, it appears, operated a tavern and dance hall, and the family's living quarters were located in the same building.

█ It would serve no useful purpose as a precedent for us to encumber the record with a summary of the proof adduced at the hearing. There are matters included therein that are of no credit to either of the parties. Suffice it to say that after a very careful reading of the entire transcript of testimony and an examination of the exhibits, we are convinced, and so hold, that the findings complained of were amply supported by competent evidence. To warrant a reversal the burden was on the appellant to show an abuse of discretion on. the part of the trial judge. Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489. No. such showing is here made. Furthermore,.

we hold that the learned trial court did not err in relinquishing jurisdiction to the Tennessee court and in temporarily making the child a ward of the court. It is apparent by its rulings that the lower court endeavored to not prejudice the rights of either of the parties in the hearing to be later held in Tennessee.

Judgment affirmed.

STANFORD, DE CONCINI, and LA PRADE, JJ., concurring.

NOTE: Justice PHELPS took no part in the consideration or determination of this appeal.