NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

ALLEGRA G., *Plaintiff/Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, G.K., G.K., L.K., C.K., C.K.,
*Defendants/Appellees.*

No. 1 CA-CV 21-0445
FILED 3-10-2022

———————————————

Appeal from the Superior Court in Maricopa County
No. JG13959
The Honorable Nicole Stoutner, Judge *Pro Tempore*

**AFFIRMED**

———————————————

COUNSEL

Allegra G., Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

**¶1**         Allegra G. ("Mother") appeals the superior court's order dismissing her petition to appoint a temporary guardian and her motion for reconsideration. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Mother has five living biological children who range in ages from 7 and 17 years old. The Department of Child Safety ("DCS") intervened in Mother's family after receiving a report involving the March 15, 2021 death of another of Mother's children from multiple untreated medical issues. Through additional inquiries, DCS discovered Mother had never enrolled the children in school, nor provided them with professional medical or dental care, leaving four with apparent developmental and speech delays. *See Allegra G. v. DCS*, 1 CA-JV 21-0221, 2021 WL 5830199, at *1, ¶ 1 (Ariz. App. Dec. 9, 2021) (mem. decision).

**¶3**         As a result, DCS removed the children from Mother's care and petitioned the juvenile court to find them dependent as to Mother. The court found the surviving children were dependent on grounds of abuse and neglect and granted temporary custody to DCS.

**¶4**         Four days later, Mother petitioned the superior court in this case to appoint the children's aunt as temporary guardian, which the court dismissed. Mother moved the court to reconsider, and the court denied the motion. Mother timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**         We review a superior court's order dismissing a guardianship petition for an abuse of discretion. *See In re Wilmot's Guardianship*, 74 Ariz. 344, 346 (1952) (citation omitted). We review due

process claims de novo. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

**¶6** Mother makes three unpersuasive arguments on appeal. She first argues the juvenile court lacked subject matter jurisdiction to enter the temporary custody orders in the dependency action—an argument we earlier considered and rejected. *See Allegra G.*, 1 CA-JV 21-0221, at *2–*3, ¶¶ 11–18.

**¶7** Mother next argues the superior court violated her due process rights because it denied her guardianship petition without holding a hearing. This argument fails as well. Mother had no right to a hearing; indeed, she had no legal authority to petition for the temporary guardianship in the first place. DCS had secured legal custody of the children in the dependency action through the juvenile court. A.R.S. § 8–202(F); *see also Bechtel v. Rose*, 150 Ariz. 68, 75, n.4 (1986) (noting that the juvenile court's orders regarding dependency of a child take precedence over the orders of the superior court when acting in probate and domestic relations capacities, and this supremacy "includes matters of temporary custody preceding the actual dependency determination"). Given this context, Mother had no right to insert herself into the placement of the children using a guardianship petition. Mother remained free to contest placement within the dependency action, which she did.

**¶8** Mother was afforded meaningful time to be heard in the juvenile proceedings, but she failed to appear at the children's dependency hearing and did not provide good cause for her absence. *Allegra G.*, 1 CA-JV 21-0221, at *1, ¶¶ 5–7.

**¶9** Mother further contends the custody order entered in the dependency action was no longer in effect when the superior court dismissed the guardianship petition in this case. The record reflects otherwise. *Id.* at *2, ¶ 14. Mother was afforded due process and has not shown the superior court abused its discretion in dismissing her petition for temporary guardianship or her motion for reconsideration. *See Bechtel*, 150 Ariz. at 75, n.4.

**¶10** Mother also argued Commissioner Stoutner should have recused herself as a former DCS employee and DCS was a non-party and could not move for dismissal. But, Mother fails to provide citations to legal authority, statutes, or the record to support these claims or develop her arguments. Therefore, we deem these arguments waived. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009); ARCAP 13(a)(7).

**¶11**      Mother, who filed her brief *pro se*, requests an award of attorney's fees on appeal in the event she should hire an attorney. She does not cite any authority to support her request beyond ARCAP 21(a). We deny her request pursuant to ARCAP 21. *See Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 64, ¶ 40 (App. 2010) (denying a request for an award of attorneys' fees on appeal because appellant "failed to cite any authority supporting [the] claim for fees and . . . appear[ed] *pro se*"); *Smyser v. City of Peoria*, 215 Ariz. 428, 442, ¶ 50 (App. 2007) (noting that ARCAP 21 "only sets forth the procedure for requesting fees; it does not provide a substantive basis for a fee award"); *Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126–27, ¶ 5 (App. 2014) ("In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees.").

## CONCLUSION

**¶12**      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:
JT

4